# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

BILLY RAY MUSTON,
                Plaintiff,

vs.

TIMOTHY F. BUKOWSKI,
Sheriff of Kankakee County;
MICHAEL D. DOWNEY,
Chief of Corrections;
P. CARL BROWN,
Assistant Chief of Correction;
                Defendants,

Civil Action, 07-2236

*Complaint*

FILED
DEC 13 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## ACTION FOR DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

1. This court has jurisdiction under 42 U.S.C. § 1983.

2. The United States District Court for the Central District of Illinois is a proper venue of this action pursuant to 28 U.S.C. §1391(e) because Defendants' are officers and employees as well as former employees of the County of Kankakee and the Kankakee Sheriffs' Correctional Department or its agencies operating under color of law, no real property is involved in this action, and plaintiff resides in this district. In addition, Defendants' actions caused injury to plaintiff in this district, where their current law offices are located and from which they engaged their wrongful actions against plaintiff.

### INTRODUCTION

3. This case concerns the application of the Americans with Disabilities Act (ADA), Title 42 U.S.C. et seq., to County Detention facility operated by the county's Sheriffs' Department. The Americans with Disabilities Act is the nation's promise to millions of persons with disabilities that they will be treated as full citizens, protected against arbitrary

discrimination and barriers to their opportunity to pursue their lives to the fullest. Indeed, the ADA's chief sponsor, Senator Tom Harkin, deemed the Act "the 20th Century Emancipation Proclamation for people with disabilities." BUREAU OF NATIONAL AFFAIRS, INC., THE AMERICANS WITH DISABILITIES ACT xi (1990); see also 135 CONG. REC. S10,708, S10,714 (1989) (statement of Sen. Hatch) (characterizing the ADA as "the most sweeping piece of civil rights legislation since the Civil War era").

4.  The plaintiff alleges' that, defendants' subjected and continue subjecting plaintiff to a variety of discriminatory practices, policies, and negligent actions that cause pain and suffering as well as irreparable damage to plaintiffs' mental and physical health. For example, plaintiff is and had been subjected to unusual and more punitive punishment under current confinement, lacking standard handicap requirements of the county facility under state and federal laws. Plaintiff is an individual, a U.S. citizen, with disabilities – specifically, mobility impairment – covered by the ADA. J.A. 9 (Compl. ¶ 6). See ibid.; 42 U.S.C. 12182.

5.  Additionally, this action is seeking punitive damages, and monetary compensation for pain and suffering caused by the defendants' negligent actions, Additionally, plaintiff is seeking an order that would require the defendants' to comply with standard handicap requirements under ADA.

**PARTIES**

6.  Plaintiff, BILLY RAY MUSTON, currently detained at Jerome Comb Detention Center 3050 Justice Way Kankakee IL. 60901 Inmate ID#225544. He sues in his own capacity.

7. Defendant, Sheriff of Kankakee County Timothy F. Bukowski, is responsible for overseeing the activities of the employees of the Kankakee County Sheriffs' Department, he is sued in his official capacity.

8. Defendant, Chief of Corrections Michael D. Downey, is responsible for overseeing the daily operations at Jerome Combs Detention Center, at 3050 Justice Way, Kankakee IL. 60901, he is sued in his official capacity.

9. Defendant, Assistant Chief of Correction P. Carl Brown, is also responsible for daily operations of the Jerome Combs Detention Center at 3050 Justice Way, Kankakee IL. 60901, he is sued in his official capacity.

10. Also, known and unknown correctional officers that are involved in the day-to-day operations and plaintiff's management and care, and that are responsible for all careless actions committed against the plaintiff.

## FACTUAL BACKGROUND

11. On or about Nov. 3rd 2007, plaintiff returned from a 30 day hospital treatment of a stroke that had left his right side paralyzed from waste down, and he has lost mobility in that part of his body. Plaintiff had been provided with a standard wheelchair and assigned to hospital quarters of the Jerome Combs Detention Center, unit H-1. Upon admission he had noticed that his cell was not equipped with standard handicap bars that would have allow him to support his weight while using the bathroom facilities. Plaintiff had notified Correctional Officer [C/O] Adams, and expressed his concerns of falling and being unable to use the bathroom without the proper supporting equipment. However, Officer Adams was unable to fulfill plaintiff's request, and expressed that he is unable to do anything for the plaintiff.

12. Next day Nov 4th 2007, approximately 1:30pm, plaintiff had need of use of bathroom facilities, and was compel to use the toilet without any support. He had pulled his wheelchair alongside the toilet, he engaged the brakes on the wheelchair, and placed his walker next to the toilet for support. When he try to support and lift himself with the walker brakes on his wheelchair had failed, and the chair itself had forced plaintiff's body to tilt, he had crashed to the floor, hitting his head on the wall, splitting his head. Plaintiff had lost consciousness, and was pinned sideways under the wheelchair for approximately 1 hour.

13. At that time plaintiff had been prescribed blood thinners due to his stroke. When two inmates had discover plaintiff in his cell bleeding, pinned down and unconscious, they have called a duty C/O White for help.

14. Plaintiff expressed to C/O White that he does not feel good, he is experiencing nausea and vomiting, and severe headache, and that he cannot remember what had happened immediately prior, during and after his fall. Officer White had notified Sergeant Dyer, and C/O Mathews, where they have contacted a facility nurse that had requested that plaintiff be transfer in to the Hospital immediately. While on the way to the hospital, plaintiff had drifted in and out of consciousness, he does not have any recollections of being transported or treated in the hospital.

15. On the way back to the detention facility transport officer, C/O Graves has explained to plaintiff that at the hospital he was diagnosed with stroke relapse. Plaintiff had all signs of the stroke, the evidence shows that these had been triggered by the accident.

## THE EFFECTS OF THE DEFENDANT'S ACTIONS AND INACTIONS ON PLAINTIFF

16. D1efendants' negligence caused loss of plaintiff's feeling and temporary as well as permanent movement of his right side including hand, arm, shoulders, and torso movement and feeling.

17. Plaintiff at this moment is undergoing extremely painful physical therapy that he will have to continue throughout his entire life.

18. Plaintiff experienced physical and mental pain and suffering, fear, anguish, discomfort, and emotional distress. Additionally, evidence shows that plaintiff's injury involved a significant amount of force and was incredibly painful and caused disability and disfigurement to plaintiff's body. Pain and suffering resulted from physical trauma sustained in the accident.

19. Defendants' actions cause plaintiff to be additionally punished. At this moment he is being housed in the isolation unit. He has no access to TV, or any other accommodations that are provided to inmates housed in the general population housing units.

## FIRST CLAIM FOR RELIEF
### (Administrative Arbitrary Discrimination)

20. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

21. The Americans with Disabilities Act is the nation's promise to millions of persons with disabilities that they will be treated as full citizens, protected against arbitrary discrimination and barriers to their opportunity to pursue their lives to the fullest.

22. Defendants' negligence and indifference had caused the plaintiff additional injuries. Additionally, because of his status as a person with mobility impairment, and for the

lack of standard handicap equipment, he is being housed in the isolations unit, additionally depriving plaintiff of standard treatment that is served to the general population in the detention center.

## SECOND CLAIM FOR RELIEF
### (Discrimination and Violation of Human Rights)

23.   Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

24.   After the unfortunate accident had happened, defendants' still did not comply with the ADA handicap standard, and are exposing plaintiff to the possibility of injury. Indeed, plaintiff still has difficulty to take a simple shower or use the bathroom facilities. This clearly shows a violation of plaintiff's human rights and unlawful discrimination, a protected physical handicap.

## THIRD CLAIM FOR RELIEF
### (Unnecessary Pain and Suffering, as well as short and long term body disfigurement)

25.   Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

26.   Defendants' negligence and indifference caused extreme pain and suffering to plaintiff. Because of his fall, plaintiff has suffered short and long term body disfigurement, and cannot enjoy normal everyday lifestyle. His already impaired movement had been aggravated by the accident.

27.   Additionally, physical therapy that plaintiff is subjected to due to the accident is stressful and painful, and even if continued throughout rest of plaintiff's life, it may never if all, restore the feeling and movement to plaintiff's right hand, arm and shoulder.

**PRAYER FOR RELIEF**

We arrive at a simple conclusion, had the defendant's followed regulations established by Congress in the Americans with Disabilities Act of 1990 and Illinois Human Rights Act 775 ILCS et seq., this whole fiasco would have not happened and the defendants' should be held responsible. Plaintiff would have been able to use the standard bathroom equipment with additional handicap appliances. The defendants' misconduct and intentional indifference caused pain and body disfigurement to the plaintiff. And awarding the relief to plaintiff based on the following suggestions is a minimum that should be done.

Wherefore, plaintiff respectfully requests that the HONORABLE COURT adopt whole or in part any of the relief combination of suggestions below;

(a.) Plaintiff asks to award him a compensatory noneconomic damage in a maximum amount covered by the detention facility insurance for pain and suffering, as well as future pain and suffering, and permanent disability and disfigurement, and, or;

(b.) Plaintiff asks that the Honorable Court award him a compensatory noneconomic damages in maximum amount covered in the Facility insurance coverage for loss of normal life, and, or;

(c.) Plaintiff requests that the Honorable Court award him a compensatory noneconomic damage in maximum amount covered by the facility insurance for future medical expenses, and, or;

(d.) Plaintiff requests that Honorable Court award compensatory punitive damages in an amount of 2 million dollars for willful and wanton misconduct, and, or;

(e.)  Plaintiff requests that Honorable Court compel the defendants' to comply with the ADA, and fit the facility with proper equipment, at least standard in nature to accommodate persons with disabilities, and, or;

(f.)  Award costs, including an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and, or;

(g.)  Award such other relief as the HONORABLE COURT may deem just and proper.

Respectfully submitted,

BY: *[signature]*

*Plaintiff;*  Billy Ray Muston

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.

Signed this ___06___ day of ___Dec___, 2007

*[signature]*
BILLY RAY MUSTON
JCDC #225544
3050 Justice Way
Kankakee, IL. 60901

-8-